# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JAMES ROBERT WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17CV182 HEA |
| | ) | |
| SAINT GENEVIEVE SHERIFF | ) | |
| MEDICAL STAFF, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff James Robert Ward (registration no. 506994), an inmate at Moberly Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $15.55. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  A review of plaintiff's account indicates an average monthly deposit of $77.79.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $15.55, which is 20 percent of plaintiff's average monthly deposit.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis in either law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  *Id.* at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  *Id.*  The Court must review the factual

allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

### The Complaint

Plaintiff James Robert Ward, an inmate at Moberly Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights that purportedly occurred during his incarceration at Saint Genevieve County Jail. Plaintiff names as defendants in this action: Saint Genevieve Sheriff's Department Medical Staff; Saint Genevieve Sheriff's Department Jail Staff; and Public Defenders Jason Michael Emmons and Edward Loftus. Plaintiff sues defendants in their official and individual capacities.

During the time plaintiff was being held at Saint Genevieve County Jail as a pretrial detainee, he was awaiting trial on state criminal charges in Saint Genevieve County, Missouri, for a Class C felony of possession of controlled substance (methamphetamine), driving while his license had been suspended and/or revoked, resisting a lawful traffic stop, failure to yield to an emergency vehicle, exceeding the posted speed limit, failing to drive on the right side of the road, failing to drive without proper lighting and failing to properly signal. *See State v. Ward*, No. 15SG-CR01256 (24th Judicial Circuit, Saint Genevieve County Court). He was represented in his criminal action by public defenders Jason Michael Emmons and Edward Loftus. Plaintiff eventually decided to plead guilty, in a plea deal with the prosecution, on June 20, 2017, to two counts of the Indictment: possession of a controlled substance and driving while his license was suspended and/or revoked. He was sentenced to a total term of imprisonment of five (5) years in the Missouri Department of Corrections. *See State v. Ward*, No. 15SG-CR01256-01 (24th Judicial Circuit, Saint Genevieve County Court).

In the present action, plaintiff asserts that he received ineffective assistance of counsel from defendants Emmons and Loftus during his state criminal trial. Plaintiff claims that both Loftus and Emmons failed to pursue requesting his mental health records and Veterans' Association records, "which prolonged his medical needs." Plaintiff claims that he had discussed his mental health needs with both Emmons and Loftus, but both attorneys failed to pursue his mental health needs in his criminal case.

Plaintiff asserts that two nurses at Saint Genevieve County Jail, Melissa Puckett and Barbara O'Dem refused to release copies of his Veterans Association medical records to his public defenders without plaintiff's consent and without his payment for the copies. Plaintiff appears to believe that this was a violation of his Constitutional rights. He claims that this "delayed his cancer treatment," but he does not explain his conclusory statement. Plaintiff also does not explain when he had cancer or what type of cancer he had or if he was receiving treatment for his cancer.

Last, plaintiff asserts that the intake officer at Saint Genevieve County Jail, Daniel McCaffrey, "put him in harm's way," by failing to do a comprehensive mental health exam at intake. Plaintiff asserts that this resulted in his placement in general population. Plaintiff does not state that he had any difficulty in general population or that his stay in general population was somehow harmful.

Plaintiff seeks monetary damages in his complaint.

## Discussion

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is

responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of Saint Genevieve County was responsible for any of the alleged violations of plaintiff's constitutional rights. Therefore, plaintiff's official capacity claims fail to state a claim upon which relief may be granted.

Plaintiff's complaint is also legally frivolous as to defendants Jason Michael Emmons and Edward Loftus because, where "prosecutor[s] [are] acting as advocate[s] for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996).

Plaintiff has also failed to state a medical mistreatment claim in this action, to the extent he was attempting to do so. To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Plaintiff has not indicated that he was suffering from a serious medical need and that defendants failed to treat him for that medical need. Rather, he has casually mentioned that he does not believe he had a comprehensive mental health exam at intake, and he has stated in a conclusory manner that two nurses failed to release his VA records without his own consent and without payment for copies of the records and this "delayed his cancer treatment." Without more by way of facts, this Court cannot say that such a conclusory statement is sufficient to state a deliberate indifference claim.

Last, plaintiff has failed to allege a failure to protect claim by asserting that the failure to do a comprehensive mental health exam at intake could have put him in harm's way. To state a failure-to-protect claim, a plaintiff is required to allege that defendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to him, they actually drew the inference, and they failed to take reasonable steps to protect him. *See Farmer v. Brennan*, 511 U.S. 825, 836-38, 844 (1994). Plaintiff has not alleged that defendants knew that he had mental health difficulties when he was taken into Saint Genevieve County Jail such that he would be put at risk through his placement in general population. Moreover, plaintiff has not asserted that he told officers of his mental health needs and asked not to be placed in the general population or that he had difficulty in general population and felt at risk and then asked to be moved. Therefore, plaintiff has not properly alleged a failure to protect claim.

In light of the aforementioned, the Court will dismiss plaintiff's complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $15.55 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement his complaint [Doc. #4] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 20th day of February, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE